**FILED**

**FEBRUARY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA VAN THOLEN,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　Case No._____
　　　　　　　　　　　　　　　　　　)
CUTTING EDGE MILLWORK, INC.　　　　)　　<u>Jury Trial Demanded</u>
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　)　　**08 C 1082**
　　　　　　　　　　　　　　　　　　)

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE SCHENKIER**

**COMPLAINT**

NOW COMES Plaintiff, Laura Van Tholen (hereinafter "Van Tholen" or "Plaintiff"), by and through her undersigned counsel of record, and upon knowledge and belief as to all allegations of which she so possesses knowledge and upon information and belief as to all other allegations, complains of Defendant Cutting Edge Millwork, Inc. (hereinafter "Defendant"), and in doing so, states as follows:

**INTRODUCTION**

1.　　　This is a case about Defendant's illegal, shocking, and offensive treatment of an employee, Plaintiff Laura Van Tholen, a working wife who desperately wanted to conceive a child with her husband and who underwent numerous medical procedures necessary to achieve conception.　After more than a year of dedicated employment, Plaintiff was callously and unlawfully terminated due to her infertility, and her treatments for her infertility that would assist her in having children.　This nine (9) count Complaint involves illegal pregnancy discrimination, disability discrimination, violations/retaliation for requesting and taking intermittent Family and Medical Leave Act ("FMLA") leave, interference with rights under the FMLA, and the intentional infliction of emotional distress.

1

2.      This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. and the Pregnancy Discrimination Act amendment, 42 U.S.C. § 2000e(k), to Title VII, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. and 5 U.S.C. § 6381 *et. seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. ("ADA").   Plaintiff also brings a common law claim for the Intentional Infliction of Emotional Distress caused by Defendant's outrageous action of unlawfully terminating Plaintiff because of her attempts to get medical treatment for her infertility so that she would be able to conceive a child with her husband and her need for FMLA leave to receive this treatment.

3.      Plaintiff Van Tholen was an outstanding employee that had worked for Defendants for over one (1) year prior to her sudden, unexpected and unlawful termination. Plaintiff Van Tholen was terminated after she had started, but before finishing, high risk treatments for her infertility that were necessary for her and her husband to conceive a child.

4.      Plaintiff has instituted this action to seek redress for damages based on the unlawful employment practices committed by Defendant.   Plaintiff suffered severe damages as a direct and proximate result of the discrimination against her on the basis of her infertility, her attempts to become pregnant, the retaliation against her for requesting and taking FMLA leave to treat her infertility, and her termination from employment.

### PARTIES

**a.      Plaintiff**

5.      Plaintiff Van Tholen is an adult female resident of DeKalb, Illinois.  Plaintiff Van Tholen currently resides at 76 East Meadow Drive, Cortland, Illinois 60112.

6.      Plaintiff Van Tholen was an employee of Defendant from approximately August 23, 2004 through the date of her illegal termination on November 27, 2006.

**b.    Defendant**

7.    Defendant Cutting Edge Millwork, Inc. is an Illinois corporation with its principal place of business located at 1160 Jansen Farm Drive, Elgin, Illinois, 60123.

8.    Defendant is engaged in an industry affecting commerce and upon information and belief employs more than fifty-five employees and is an employer within the meaning of Title VII, 42 U.S.C. §2000e *et seq.*, the ADA, 42 U.S.C. §12101 *et seq.*, and the FMLA, 29 U.S.C. §2601 *et seq.*

9.    At the time of her termination, Plaintiff was employed by Defendant in the position of Inside Account Representative.

## JURISDICTION AND VENUE

10.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658, 2201 and 2202.  This is a suit authorized and instituted pursuant to the Act of Congress known as the Americans with Disabilities Act of 1990, §2 *et seq.*, 42 U.S.C. §12101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Pregnancy Discrimination Act amendment, 42 U.S.C. § 2000e(k), to Title VII, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* and 5 U.S.C. § 6381 *et seq.* Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367 (a).

11.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), in that defendants employed Plaintiff in the Northern District, Plaintiff resides in the Northern District, and all or a substantial part of the events or omissions giving rise to the claims occurred within the Northern District.  Defendant is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit.

12.     Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on May 9, 2007, alleging violations of the Pregnancy Discrimination Act of 1978, amendment to title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. *See May 9, 2007, Charge of Discrimination attached hereto as Exhibit "A"*.

13.     The EEOC issued a "Notice of Right to Sue," which was issued on request and dated November 28, 2007. *See November 28, 2007 Notice of Right to Sue, attached hereto as Exhibit "B"*.

14.     Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the November 28, 2007, Notice of Right to Sue.

## FACTS

18.     During all relevant times herein, Defendant was an employer as defined by Title VII.

19.     During all relevant times herein, Defendant was an employer as defined by the ADA.

20.     Upon information and belief, during all relevant times herein, Defendant was an employer as defined by the FMLA.

21.     During all relevant times herein, Plaintiff was an employee of Defendant as defined by Title VII.

22.     During all relevant times herein, Plaintiff was an employee of Defendant as defined by the ADA.

23.     During all relevant times herein, Plaintiff was an employee of Defendant as defined by the FMLA.

4

24.    Plaintiff was employed by Defendant in the position of Inside Account Representative.

25.    At all relevant times herein, Plaintiff was a qualified, competent, and dedicated employee that contributed to Defendant in a substantial and meaningful manner.

26.    At all relevant times herein, Plaintiff was competent to perform, and was performing all of the essential functions of her position as Inside Account Representative in a manner that met and/or exceeded Defendant's legitimate business expectations.

27.    Plaintiff is a female.

28.    Plaintiff was a qualified individual with a disability, within the meaning of the ADA.  Plaintiff suffered from infertility.

29.    Plaintiff's infertility was a pregnancy-related condition covered by the pregnancy discrimination act of 1978.

30.    Plaintiff's disability substantially limited one or more essential life functions that are central to the life process itself, including but not limited to, the following:  caring for one's self, performing manual tasks, walking, speaking, breathing, cognitive function, and working.

31.    Plaintiff fully advised the Defendant of the nature and scope of her medical condition.

32.    Plaintiff was terminated from her employment by Defendant on or about November 27, 2006.

33.    Plaintiff was terminated from her employment because of the fact that she was infertile, getting medical treatments for her infertility so that she could become pregnant, and/or in retaliation for and in interference with her requests for FMLA leave for these treatments.

34.    Plaintiff was an excellent employee that performed all of her job duties in an

5

outstanding manner.

35.     Plaintiff was capable of performing and was performing all of her job responsibilities/functions in a manner that met or exceeded Defendant's legitimate business expectations, up to and including the date upon which she was terminated by Defendant.

36.     There was no legitimate non-discriminatory and/or non-retaliatory reason(s) for Plaintiff's termination from employment with Defendant.

37.     Defendant was aware that Plaintiff was infertile and was getting treatment in order to conceive a child.

38.     Defendant was aware that Plaintiff needed intermittent FMLA leave in order to successfully complete the medical treatments for her infertility.

39.     Plaintiff was diagnosed as infertile on August of 2006.

40.     Plaintiff began medical treatments for infertile in order to get pregnant in August of 2006.

41.     Plaintiff's medical treatments for her infertility required her to arrive to work two hours late once per week.

42.     On or about, August of 2006, Plaintiff informed Defendant that she was infertile and needed to take intermittent FMLA leave to treat her infertility so that she could become pregnant.

43.     On or about August of 2006, Plaintiff informed Defendant that she was infertile and needed a reasonable accommodation for her infertility and treatments thereof.

44.     Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, initially approved Plaintiff taking intermittent leave time in order to have the medical treatment performed on her.

45.    Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, initially provided Plaintiff the reasonable accommodation of arriving two hours late to work once per week in order to have the medical treatment performed on her.

46.    From the time Plaintiff started her infertility treatments, she was discriminated against and harassed because of her infertility, her treatments for infertility, and the intermittent FMLA leave required for the treatments and/or retaliated against for complaining about/reporting the discrimination and harassment.  The discrimination, harassment, and retaliation included, but was not limited to, the following:

      a.    Plaintiff was left out of meetings she was previously included in;

      b.    Plaintiff was constantly verbally harassed by other co-workers;

      c.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, verbally disciplined Plaintiff for Plaintiff's tardiness stemming from her infertility treatments.

      d.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, told Plaintiff that the other girls disliked her and treated her poorly due to Plaintiff taking intermittent leave to be treated for her infertility.

      e.    On or about November 27, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, terminated Plaintiff's employment due to Plaintiff's infertility treatments and her taking intermittent leave for the treatments.

      f.    Plaintiff was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Plaintiff knew that she began infertility treatments.

47.    Plaintiff complained to Defendant about the harassing, discriminatory, and retaliatory treatment.

48.    Despite Plaintiff's reports/complaints, and Plaintiff's requests that Defendant take action to stop the harassment, discrimination, and retaliation, Defendant took no action to

adequately investigate, stop, mitigate, prevent, address, or otherwise remediate the harassment, discrimination, and retaliation.

49.    Defendant intended to allow, ratified, and/or engaged in the pregnancy and disability discrimination and harassment and FMLA retaliation alleged herein.

50.    Other non-infertile/non-disabled employees were not terminated for similar job performance and actions.

51.    Plaintiff Van Tholen was treated differently and less favorably than non-infertile employees, non-disabled employees, and employees that did not request FMLA leave, in the terms, conditions, and responsibilities of her job as soon as she notified Defendant of her infertility and requested FMLA leave to treat it.

52.    Defendant created, allowed, maintained, and ratified a hostile work environment against Plaintiff Van Tholen on the basis of her infertility.

53.    Defendant knew about and ratified the conduct of Plaintiff's superiors in unlawfully terminating Plaintiff.

54.    Upon information and belief, Plaintiff's position with Defendant was filled by a non-infertile individual.

55.    Plaintiff has suffered severe emotional distress as a direct and proximate result of her unlawful termination.

56.    Plaintiff lost all of her compensation and benefits, including but not limited to essential health insurance benefits, as a result of being terminated.

57.    Plaintiff was unemployed as a result of her termination and suffered severe economic hardship as a direct and proximate result.

58.    Defendant's actions were knowing, intentional, and malicious.    The

discriminatory and harassing conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Defendant.  Defendant knew and intended that its conduct violate applicable state and federal law.

59.    All allegations set forth herein are plead in the alternative where necessary and required for consistent construction under the law.

## COUNT I

### *Violations of the Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k)*

60.    Plaintiff realleges and incorporates as if fully set forth herein, all preceding paragraphs.

61.    The Pregnancy Discrimination Act of 1978, amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(k) prohibits discrimination on the basis of pregnancy. The Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) includes the following:

> (k)    The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title [42 U.S.C. § 2000e-2(h)] shall be interpreted to permit otherwise.  This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion:  *Provided*, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining

agreements in regard to abortion.

62.    42 U.S.C. §2000e-2 provides:

**§ 2000e-2.  Unlawful employment practices.**

(a)    Employer practices.  It shall be an unlawful employment practice for an employer:

(1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(b)    Employment agency practices.  It shall be unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

(c)    Labor organization practices.  It shall be an unlawful employment practice for a labor organization—

(1)    to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

10

(2)    to limit, segregate, or classify its membership or applicants for membership, or to classify or fail to refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or

(3)    to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

63.    Plaintiff Van Tholen was an employee of Defendant within the meaning of employee as defined under 42 U.S.C. §2000e(f).

64.    Defendant is an employer under 42 U.S.C. §2000e(b) which defines an "employer" to include a person engaged in an industry affecting commerce who has 15 or more employees for at least 20 calendar weeks in the current or preceding calendar year.

65.    Plaintiff Van Tholen was infertile, a pregnancy related medical condition as defined under 42 U.S.C. §2000e(k).

66.    Defendant was aware that Plaintiff was infertile.

67.    Defendant discriminated against Plaintiff because of her infertility in the following ways:

a.    Plaintiff was left out of meetings she was previously included in;

b.    Plaintiff was constantly verbally harassed by other co-workers;

c.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, verbally disciplined Plaintiff for Plaintiff's tardiness stemming from her infertility treatments.

d.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, told Plaintiff that the other girls

disliked her and treated her poorly due to Plaintiff taking intermittent leave to be treated for her infertility.

e.    On or about November 27, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, terminated Plaintiff's employment due to Plaintiff's infertility treatments and her taking intermittent leave for the treatments.

f.    Plaintiff was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Plaintiff knew that she began infertility treatments.

68.    Defendant knew about the discrimination, the hostile work environment and that it was terminating Plaintiff Van Tholen on the basis of her infertility. Defendant did nothing to stop the discrimination against Plaintiff Van Tholen.

69.    There was no legitimate non-discriminatory basis for the termination of Plaintiff Van Tholen.

70.    Plaintiff suffered severe damages as a direct and proximate cause of Defendant's violations as alleged herein.

71.    All of Defendants' actions were willful, wanton and done in utter disregard for Plaintiff and her medical condition.

72.    By reason of the foregoing, Defendant has deprived Plaintiff of certain benefits, privileges and terms and conditions of employment and denied her employment because of her sex and infertility, to her damage and injury.

73.    As a result of said damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to lost wages, pursuant to 42 U.S.C. § 2000e-5(g).

WHEREFORE, Plaintiff Van Tholen respectfully requests that this Court enter judgment against Defendant as follows:

a.    Damages sufficient to compensate Plaintiff for her injuries;

12

b.      Reinstatement of Front Pay;

c.      Back Pay, inclusive of lost wages, pension benefits, health insurance benefits and other such fringe benefits;

d.      Pre-judgment and post-judgment interest;

e.      Reasonable attorneys' fees;

f.      Cost of this action;

g.      Punitive damages; and

h.      Any and all such other relief as this Honorable Court may deem just and equitable.

## COUNT II

### *Hostile Work Environment Violation Of Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k)*

74.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

75.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her infertility in violation of Title VII.

76.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise causing a hostile work environment for Plaintiff because of her infertility, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

77.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work

13

environment for Plaintiff based on her infertility. Defendant had a duty under Title VII to prevent the ongoing hostile work environment.

78. Plaintiff reported the pregnancy discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

79. Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on her infertility, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or retaliation.

80. Almost daily, Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

81. The hostile work environment to which the Plaintiff was subjected was so severe and pervasive that it unreasonably interfered with her work performance.

82. The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

83. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

84. The actions of Defendant in intentionally engaging in and condoning the hostile

14

work environment, discrimination, harassment, and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

85.    There is a causal connection between the Plaintiff's infertility and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant.

WHEREFORE, Plaintiff Van Tholen respectfully requests that this Court enter judgment against Defendant as follows:

          a.      Damages sufficient to compensate Plaintiff for her injuries;

          b.      Reinstatement of Front Pay;

          c.      Back Pay, inclusive of lost wages, pension benefits, health insurance benefits and other such fringe benefits;

          d.      Pre-judgment and post-judgment interest;

          e.      Reasonable attorneys' fees;

          f.      Cost of this action;

          g.      Punitive damages; and

          h.      Any and all such other relief as this Honorable Court may deem just and equitable.

## COUNT III

### *Retaliation and Unlawful Discharge In Retaliation For Exercise of Rights Under Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k)*

86.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

15

87.     Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under Title VII, as alleged herein.

88.     Plaintiff complained of ongoing and repeated pregnancy discrimination perpetrated against her personally, and a hostile work environment, and unequal and adverse treatment of her based on her infertility.

89.     On November 27 2006, in retaliation for Plaintiff's complaints, reports, and protests of unlawful discrimination, harassment, retaliation, and hostile work environment, Defendant unlawfully terminated Plaintiff from her employment.

90.     There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's discharge from Defendant.

91.     At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Defendant's legitimate business expectations.

92.     The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

93.     Defendant, by and through its agents, discharged Plaintiff when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

94.     The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff Van Tholen respectfully requests that this Court enter judgment against Defendant as follows:

a.     Damages sufficient to compensate Plaintiff for her injuries;

b.     Reinstatement of Front Pay;

c.     Back Pay, inclusive of lost wages, pension benefits, health insurance benefits and other such fringe benefits;

d.     Pre-judgment and post-judgment interest;

e.     Reasonable attorneys' fees;

f.     Cost of this action;

g.     Punitive damages; and

h.     Any and all such other relief as this Honorable Court may deem just and equitable.

## COUNT IV

### *Violations of the Family and Medical Leave Act of 1993*
### *29 U.S.C. § 2601 et seq. and 5 U.S.C. § 6381 et seq.*

95.     Plaintiff Van Tholen realleges and reincorporates all preceding paragraphs of this Complaint as if fully set forth herein.

96.     Upon information and belief, Plaintiff Van Tholen was an "eligible" employee under FMLA.

97.     Upon information and belief, Defendant was and is a covered "employer" under FMLA.

98.     In approximately August 2006, Plaintiff Van Tholen requested a protected intermittent medical leave under the FMLA due to the Plaintiff's infertility and the treatments she would begin receiving in order to conceive a child.

99.     Plaintiff Van Tholen was entitled to the requested FMLA leave.

17

100.    Plaintiff Van Tholen filled out all of the requisite paperwork to properly request her FMLA leave.

101.    After Plaintiff Van Tholen began taking her intermittent FMLA leave, Plaintiff was unjustly terminated from her position with Defendants in retaliation for her requests to exercise her right to FMLA leave in order to treat her infertility properly.

102.    There was no legitimate non-discriminatory basis for Plaintiff Van Tholen's termination from employment on November 27, 2008.

103.    Plaintiff Van Tholen suffered severe damages as a direct and proximate result of Defendant's retaliation against her for requesting FMLA leave.

104.    Defendant replaced Plaintiff Van Tholen with a non-infertile individual that did not need FMLA leave.

105.    The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a.    Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to 29 U.S.C. § 2617 (a)(1)(A)(i) and (ii);

b.    Additional liquidated damages in the amount of the above requested amount, pursuant to 29 U.S.C. § 2617 (a)(1)(B);

c.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617 (a)(1)(B);

d.    Attorneys fees, expert witness fees and costs of this action; and

e.      Any and all other such relief as this Court deems just and equitable.

## COUNT V

### *Violations of the Family and Medical Leave Act of 1993*
### *29 U.S.C. § 2601 et seq. (Interference/Entitlement)*

106.    Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

107.    Plaintiff was entitled to leave under FMLA, s*ee 29 U.S.C. § 2612 (a)(1).*

108.    The FMLA, 29 U.S.C. § 2615,  prohibits an Employer from interfering with and/or not respecting an employee's entitlement to exercising his FMLA rights, providing in pertinent part:

"*It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided under this subchapter.*"

109.    As alleged herein, Defendant did not respect Plaintiff's entitlement to FMLA Medical Leave.

110.    As alleged herein, Defendant interfered with Plaintiff's exercise of her rights under the FMLA.

111.    Defendant's conduct, as alleged herein, violated the FMLA.

112     After terminating Plaintiff, Defendant hired another individual that did not require FMLA leave to replace Plaintiff.

113.    Defendant's violations were knowing, willful, malicious, and with reckless disregard for the federal law and the effect on Plaintiff.

114.    The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

19

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

a.     Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to 29 U.S.C. § 2617 (a)(1)(A)(i) and (ii);

b.     Additional liquidated damages in the amount of the above requested amount, pursuant to 29 U.S.C. § 2617 (a)(1)(B);

c.     Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617 (a)(1)(B);

d.     Attorneys fees, expert witness fees and costs of this action; and

e.     Any and all other such relief as this Court deems just and equitable.

## COUNT VI

### _Discrimination and Failure to Accommodate In Violation of the ADA_
### _42 U.S.C. § 12101, et seq_

115.   Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

116.   All conditions precedent to Count VI have been satisfied.

117.   Plaintiff is a qualified individual with a disability.

118.   The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to terminate a qualified individual with a disability because of her disability.

119.   Plaintiff Van Tholen was disabled in that she suffered from infertility.

120.   Plaintiff Van Tholen has a record of her above-described disabilities.

121.   Defendant was aware of Plaintiff's disability.

122.   Defendant perceived Plaintiff as disabled.

20

123. At all relevant times herein, Plaintiff could perform all of the essential functions of her job and job responsibilities/duties.

124. At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of her job responsibilities/duties.

125. Plaintiff requested reasonable accommodations for her disability.

126. Defendant refused to consider, evaluate, discuss, investigate, assess and/or otherwise attempt to engage in an interactive process to determine whether it could accommodate Plaintiff's disability and/or requests for accommodation.

127. On November 27, 2006, Defendant terminated Plaintiff's employment, in whole, or in part because of her disability.

128. At all relevant times herein, Plaintiff informed Defendant of the nature and scope of her disability.

129. At all relevant times herein, Plaintiff was an excellent employee that was performing all of her job functions in an outstanding manner.

130. Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

131. Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

132. Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff Van Tholen respectfully requests that this Court enter judgment

21

against Defendant as follows:

       a.     Damages sufficient to compensate Plaintiff for her injuries;

       b.     Reinstatement of Front Pay;

       c.     Back Pay, inclusive of lost wages, pension benefits, health insurance benefits and other such fringe benefits;

       d.     Pre-judgment and post-judgment interest;

       e.     Reasonable attorneys' fees;

       f.     Cost of this action;

       g.     Punitive damages; and

       h.     Any and all such other relief as this Honorable Court may deem just and equitable.

## COUNT VII

### *Retaliation in Violation of the ADA, 42 U.S.C. § 12101, et. seq*

133.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

134.    All conditions precedent to Count VII have been satisfied.

135.    Plaintiff is a qualified individual with a disability.

136.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it unlawful to terminate a qualified individual with a disability because of his disability.

137.    Plaintiff is disabled in that she suffered from infertility.

138.    Plaintiff has a record of her above-described disabilities.

22

139.   Defendant was aware of Plaintiff's disability.

140.   Defendant perceived Plaintiff as disabled.

141.   At all relevant times herein, Plaintiff could perform all of the essential functions of her job and job responsibilities/duties.

142.   At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of her job responsibilities/duties.

143.   At all relevant times herein, Plaintiff informed Defendant of the nature and scope of her disabilities.

144.   On November 27, 2006, Defendant terminated Plaintiff's employment, in whole, or in part in retaliation for her requests for reasonable accommodation of his disability.

145.   There was no legitimate non-discriminatory/non-retaliatory reason for any of the alleged discriminatory acts and/or retaliatory termination of Plaintiff.

146.   At all relevant times herein, Plaintiff was an excellent employee that was performing all of her job functions in an outstanding manner.

147.   Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

148.   Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

149.   Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

WHEREFORE, Plaintiff Van Tholen respectfully requests that this Court enter judgment against Defendant as follows:

a.    Damages sufficient to compensate Plaintiff for her injuries;

b.    Reinstatement of Front Pay;

c.    Back Pay, inclusive of lost wages, pension benefits, health insurance benefits and other such fringe benefits;

d.    Pre-judgment and post-judgment interest;

e.    Reasonable attorneys' fees;

f.    Cost of this action;

g.    Punitive damages; and

h.    Any and all such other relief as this Honorable Court may deem just and equitable.

## **COUNT VIII**

### ***Hostile Work Environment in Violation of the ADA, 42 U.S.C. § 12101, et seq***

150.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

151.    All conditions precedent to Count VIII have been satisfied.

152.    Plaintiff is a qualified individual with a disability.

153.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to terminate a qualified individual with a disability because of his disability.

154.    Plaintiff is disabled in that she suffered from infertility.

155.    Plaintiff has a record of her above-described disabilities.

156.    Defendant was aware of Plaintiff's disabilities.

24

157.    Defendant perceived Plaintiff as disabled.

158.    At all relevant times herein, Plaintiff could perform all of the essential functions of her job and job responsibilities/duties.

159.    At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of her job responsibilities/duties.

160.    At all relevant times herein, Plaintiff informed Defendant of the nature and scope of her disability.

161.    From the date that Defendant first became aware of Plaintiff's disability, it began to harass and humiliate Plaintiff.  The harassment and humiliation included, but was not limited to, the following:

  a.    Plaintiff was left out of meetings she was previously included in;

  b.    Plaintiff was constantly verbally harassed by other co-workers;

  c.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, verbally disciplined Plaintiff for Plaintiff's tardiness stemming from her infertility treatments.

  d.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, told Plaintiff that the other girls disliked her and treated her poorly due to Plaintiff taking intermittent leave to be treated for her infertility.

  e.    On or about November 27, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, terminated Plaintiff's employment due to Plaintiff's infertility treatments and her taking intermittent leave for the treatments.

  f.    Plaintiff was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Plaintiff knew that she began infertility treatments.

162.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of her job functions in an outstanding manner.

25

163.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

164.    Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

165.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

WHEREFORE, Plaintiff Van Tholen respectfully requests that this Court enter judgment against Defendant as follows:

a.    Damages sufficient to compensate Plaintiff for her injuries;

b.    Reinstatement of Front Pay;

c.    Back Pay, inclusive of lost wages, pension benefits, health insurance benefits and other such fringe benefits;

d.    Pre-judgment and post-judgment interest;

e.    Reasonable attorneys' fees;

f.    Cost of this action;

g.    Punitive damages; and

h.    Any and all such other relief as this Honorable Court may deem just and equitable.

## COUNT IX

### *Intentional Infliction of Emotional Distress*

166.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

26

167.    All conditions precedent to Count IX have been satisfied.

168.    Plaintiff was an employee of the Defendant.

169.    Plaintiff fulfilled her job duties with skill and expertise.

170.    Defendant's severe and outrageous acts, including, but not limited to, continuously and repeatedly verbally harassing Plaintiff, leaving her out of meetings, disciplining for being out of the office to receive treatments for her infertility, leaving Plaintiff out of meetings, and terminating Plaintiff due to her infertility and her treatments for infertility were actions that amounted to extreme and outrageous conduct.

171.    Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

172.    Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

173.    Plaintiff did, in fact, experience extreme emotional distress.

174.    By the extreme emotional distress the Plaintiff was thereby damaged.

175.    Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

WHEREFORE, Plaintiff Van Tholen respectfully requests that this Court enter judgment against Defendant as follows:

     a.    Damages sufficient to compensate Plaintiff for her injuries;

     b.    Pre-judgment and post-judgment interest;

     c.    Reasonable attorneys' fees;

     d.    Cost of this action;

     e.    Punitive damages; and

      f.      Any and all such other relief as this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: February 21, 2008          FOOTE, MEYERS, MIELKE & FLOWERS, LLC

/s/ Robert M. Foote
Robert M. Foote, Esq. (#03124325)
Stephen W. Fung, Esq. (#06289522)
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone:  (630) 232-6333
Facsimile:  (630) 845-8982

Kathleen C. Chavez (#06255735)
Chavez Law Firm, P.C.
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone:  (630)232-4480
Facsimile:  (630) 845-8982

Peter L. Currie, Esq. (#06281711)
The Law Firm of Peter L. Currie, P.C.
536 Wing Street
St. Charles, Illinois 60174
Telephone:  (630) 862-1130
Facsimile:  (630) 845-8982

*Attorneys for Plaintiff*