**08 C 1082**

**JUDGE GETTLEMAN
MAGISTRATE JUDGE SCHENKIER**

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>H4D-2007-04995 |
|---|---|---|

Illinois Department Of Human Rights **and EEOC**
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Laura A. VanTholen | (630) 664-4622 | 05/22/1982 |

| Street Address | City, State and ZIP Code |
|---|---|
| 76 East Meadow Drive | Cortland, IL 60112 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Cutting Edge Millwork, Inc. | 15+ | (847) 888-9746 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1160 Jansen Farm Drive | Elgin, IL 60123 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest
August 2006 - November 27, 2006

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

(SEE ATTACHED)

RECEIVED EEOC
MAY - 9 2007
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| X 05/04/07   X [signature]<br>Date    Charging Party Signature | |

## ADDENDUM TO CHARGE OF DISCRIMINATION
*Laura Van Tholen v. Cutting Edge Millwork, LLC*
Page 1 of 5

I. **Respondent discriminated against, harassed and unlawfully terminated Complainant on the basis of her infertility treatments in violation of the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §2000e (k) and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq*. The discrimination and harassment has been ongoing and continuous in nature for a period of time commencing in August of 2006 and continuing until her unlawful termination on November 27, 2006.**

   A. Complainant was an employee of Respondent from August 23, 2004 through the date of her unlawful termination on November 27, 2006.

   B. Complainant is female. Complainant began treatments for infertility in order to get pregnant in August of 2006.

   C. Complainant was an excellent employee who performed all of her job responsibilities in an outstanding manner.

   D. On or about August of 2006, Complainant began treatments for infertility to become pregnant. These treatments required Complainant to arrive to work two hours late once a week.

   E. Respondent employee and Complainant's direct supervisor, Kimberly Stage, approved Complainant's infertility treatment and the necessary time off to complete the treatment.

   F. On or about August of 2006, Respondent began discriminating against and harassing Complainant because of her infertility treatments. The discrimination and harassment included, however was not limited to, the following:

      1. Complainant was left out of meetings she was previously included in;

      2. Complainant was constantly verbally harassed by other co-workers;

      3. On or about November 13, 2006, Respondent employee and Complainant's direct supervisor, Kimberly Stage, verbally disciplined Complainant for Complainant's tardiness stemming from her infertility treatments.

      4. On or about November 27, 2006, Respondent employee and Complainant's direct supervisor, Kimberly Stage, terminated Complainant's employment due to Complainant's infertility treatments.

      5. Complainant was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Respondent knew that she began infertility treatments.

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Laura Van Tholen v. Cutting Edge Millwork, LLC*
Page 2 of 5

G. Complainant complained to Respondent on several occasions about the harassing and discriminatory treatment. Respondent was fully advised of the severity of the ongoing pregnancy discrimination, harassment, and hostile work environment.

H. Despite Complainant's reports and Complainant's requests that Respondent take action to stop the harassment and discrimination, Respondent took no action to adequately investigate, stop, mitigate, prevent, address, or otherwise remediate the harassment and discrimination. Respondent intended to allow, ratified, and/or engaged in the pregnancy discrimination and harassment alleged herein.

I. Respondent terminated from Complainant from her position because she was attempting to become pregnant. Complainant was terminated when she was in the middle of infertility treatments.

J. There was no legitimate non-discriminatory basis for Complainant's termination.

K. Complainant was replaced by a non-pregnant individual.

L. Respondent's actions were knowing, intentional, and malicious. The discriminatory and harassing conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Respondent. Respondent knew and intended that its conduct violate applicable state and federal law.

M. Complainant suffered severe injury and damage as a direct and proximate result of Respondent's discrimination, harassment, and unlawful termination of Complaint because of her attempts to become pregnant.

II. **Complainant was discriminated against by Respondents in violation of the Americans with Disabilities Act of 1990, §2 *et seq.*, 42 U.S.C.A. §12101 *et seq.* ("ADA") and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* ("IHR"). The discrimination and harassment was ongoing and continuous in nature for a period of time commencing continuing until Complainant's unlawful termination on or about November 27, 2006.**

A. Complainant was an employee of Respondent from August of 2004 through the date of her unlawful and discriminatory termination in November of 2006.

B. Complainant was disabled/handicapped as defined under the ADA and IHR, because she was infertile, which substantially limits one or more major life activities. Complainant has a record of said physical impairment and/or was regarded by Respondent as having such impairment.

C. Respondent perceived Complainant as disabled/handicapped.

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Laura Van Tholen v. Cutting Edge Millwork, LLC*
**Page 3 of 5**

D. Complainant is a qualified individual with a disability/handicap under the ADA and IHRA. At all relevant times herein, Complainant was qualified, competent, and capable of performing all of the essential functions of her job with and/or without a reasonable accommodation.

E. At all relevant times, Complainant advised Respondent of her disability/handicap and sought reasonable accommodation for her disability/handicap. Respondent initially granted a reasonable accommodation of coming into work two hours late once a week, but subsequently terminated Complainant for electing to take the reasonable accommodation.

F. Respondent intended to discriminate against Complainant on the basis of her disability/handicap and permitted, ratified, encouraged, allowed, and otherwise created a work environment heavily charged with discrimination.

G. Respondent discriminated against Complainant on the basis of her disability including, but not limited to the following:

1. Complainant was left out of meetings she was previously included in;

2. Complainant was constantly verbally harassed by other co-workers;

3. On or about November 13, 2006, Respondent employee and Complainant's direct supervisor, Kimberly Stage, verbally disciplined Complainant for Complainant's tardiness, stemming from her infertility treatments, which was a reasonable accommodation granted to Complainant.

4. On or about November 27, 2006, Respondent employee and Complainant's direct supervisor, Kimberly Stage, terminated Complainant's employment due to Complainant's infertility treatments.

5. Complainant was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Respondent knew that she began infertility treatments.

H. There was no legitimate non-discriminatory basis for Respondent's discriminatory/harassing treatment and unlawful termination of Complainant.

I. Respondent was fully aware of Complainant's disability/handicap and the accommodation that she was requesting. Respondent initially granted her the accommodation, and then subsequently terminated her employment for taking the accommodation.

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Laura Van Tholen v. Cutting Edge Millwork, LLC*
Page 4 of 5

J. Despite being fully aware of the disability/handicap discrimination, Respondent took no action to investigate, prevent, mitigate, remediate, stop, or otherwise address the ongoing harassment and discrimination.

K. Complainant has suffered injury and damage as a direct and proximate result of Respondent's discriminatory conduct and unlawful termination in violation of the ADA and IHRA.

L. Respondent was aware that the illegal and discriminatory/harassing actions described herein violated state and federal law. Respondent knowingly, intentionally and willfully violated state and federal law.

M. As a direct and proximate result of Respondent's discriminatory conduct and unlawful termination, in violation of the ADA and IHRA, Complainant has suffered severe and egregious injury and damages.

III. **Respondent unlawfully retaliated against and terminated Complainant for reporting and opposing pregnancy discrimination that violated the Pregnancy Discrimination Act of 1978, Title VII Civil Rights Act of 1964, §701** *et. seq.*, **as amended, 42 U.S.C.A. §2000** *et.seq.* **and/or the Illinois Human Rights Act, 775 ILCS 5/2-101** *et. seq.*

   A. Complainant was an employee of Respondent from August of 2004 through the date of her unlawful and discriminatory termination on November 27, 2006.

   B. Throughout the course of her employment, Complainant was subjected to ongoing and continuous, uninvited and unwelcome pregnancy and disability discrimination. <u>The pregnancy and disability discrimination is outlined in detail in Section I, and incorporated by reference as though fully stated herein.</u>

   C. Complainant made repeated reports/complaints of the pregnancy and disability discrimination as alleged herein to Respondent, which complaints/reports proved futile as the pregnancy and disability discrimination continued in an uninterrupted manner until the date of Complainant's unlawful termination on November 27, 2006. In 2006, Complainant reported discrimination harassment based on her pregnancy and disability by her coworkers to Kimberly Stage on several occasions, and Kimberly Stage assured Complainant that she would talk to the harassing employees but this proved futile as no action was taken to investigate, discipline and/or discharge any of the harassing employees, or otherwise remedy or rectify the outrageous, uninvited and unwelcome pregnancy and disability.

   D. Respondent took no action to stop, remediate, correct, prevent, mitigate, and/or otherwise appropriately address the ongoing and continuous pregnancy and disability discrimination.

# ADDENDUM TO CHARGE OF DISCRIMINATION
*Laura Van Tholen v. Cutting Edge Millwork, LLC*
**Page 5 of 5**

E. On November 27, 2006, just one month after Complainant reported/complained of the persistent, egregious, uninvited and unwelcome pregnancy and disability discrimination, Respondent unlawfully terminated Complainant because of the reports/complaints of pregnancy and disability discrimination.

F. Respondent knew that its actions as alleged herein were in violation of federal and state law and Respondent knowingly and willfully violated federal and state law.

G. Complainant suffered severe and egregious injury and damage as a direct and proximate result of Respondent's retaliatory treatment and termination of Complainant for reporting and opposing illegal pregnancy and disability discrimination.

# EXHIBIT B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | CERTIFIED MAIL NO: 7099-3400-0018-8813-1978 CP ATTY. | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|
| | Laura Vantholen<br>76 East Meadow Drive<br>Cortland, IL 60112 | | |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-04995 | Kirsten J. Peters,<br>Investigator | (312) 353-8900 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*signature* John P. Rowe (pas)    11/28/07

John P. Rowe,
District Director    *(Date Mailed)*

cc: CUTTING EDGE MILLWORK, INC.