## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

LAURA VAN THOLEN,          )
                             )
        Plaintiff,         )
                             )     Case No.      08 C 1082
vs.                         )
                             )     Judge Gettleman
CUTTING EDGE MILLWORK, INC.,   )
                             )     Magistrate Judge Schenkier
        Defendant       )

## DEFENDANT, CUTTING EDGE MILLWORK, INC.'S
## ANSWER TO THE COMPLAINT

NOW COMES Defendant, Cutting Edge Millwork, Inc.("Cutting Edge") by and through its counsel of record, Garelli & Grogan, and for its Answer to Plaintiff's Complaint states as follows:

## INTRODUCTION

1.     This is a case about Defendant's illegal, shocking, and offensive treatment of an employee, Plaintiff Laura Van Tholen, a working wife who desperately wanted to conceive a child with her husband and who underwent numerous medical procedures necessary to achieve conception. After more than a year of dedicated employment, Plaintiff was callously and unlawfully terminated due to her infertility, and her treatments for her infertility that would assist her in having children. This nine (9) count Complaint involves illegal pregnancy discrimination, disability discrimination, violations/retaliation for requesting and taking intermittent Family and Medical Leave Act ("FMLA") leave, interference with rights under FMLA, and the intentional infliction of emotional distress.

**ANSWER:**    Defendant admits Plaintiff filed a nine-count Complaint. Defendant denies

1

the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.     This is an action authorized and instituted pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Pregnancy Discrimination Act amendment, 42

U.S.C. § 2000e(k), to Title VII, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et*

*seq.* and 5 U.S.C. § 6381 *et. seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §

12101 *et seq.* ("ADA").  Plaintiff also brings a common law claim for the Intentional Infliction of

Emotional Distress caused by Defendant's outrageous action of unlawfully terminating Plaintiff

because of her attempts to get medical treatment for her infertility so that she would be able to

conceive a child with her husband and her need for FMLA leave to receive this treatment.

**ANSWER:**     Defendant admits that Plaintiff has filed suit for alleged intentional

infliction of emotional distress.  Defendant admits that while this action is authorized and

instituted pursuant to Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination

Act, the Family Medical Leave Act, and the American with Disabilities Act is a legal conclusion

and therefore, no answer is required.  Defendant denies the allegations set forth in Paragraph 2 of

Plaintiff's Complaint.

3.     Plaintiff Van Tholen was an outstanding employee that had worked for

Defendants for over one (1) year prior to her sudden, unexpected and unlawful termination.

Plaintiff Van Tholen was terminated after she had started, but before finishing, high risk

treatments for her infertility that were necessary for her and her husband to conceive a child.

**ANSWER:**     Defendant denies that Plaintiff was an outstanding employee.  Defendant

admits that Plaintiff was its' employee from August 23, 2004 until November 27, 2006.

Defendant is without sufficient knowledge and information as to the remaining allegations set

2

forth in Paragraph 3, and therefore, denies the same.

4.     Plaintiff has instituted this action to seek redress for damages based on the

unlawful employment practices committed by Defendant. Plaintiff suffered severe damages as a

direct and proximate result of the discrimination against her for requesting and taking FMLA

leave to treat her infertility, and her termination from employment.

**ANSWER:**     Defendant denies that Plaintiff suffered severe damages as a direct and

proximate result of discrimination against her on the basis of her infertility, her attempts to

become pregnant, the retaliation against her for requesting and taking FMLA leave to treat her

infertility, and her termination from employment. Defendant is without sufficient knowledge and

information as to the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint, and

therefore, denies the same.

**PARTIES**

a.     **Plaintiff**

5.     Plaintiff, Van Tholen is an adult female resident of Dekalb, Illinois. Plaintiff Van

Tholen currently resides at 76 East Meadow Drive, Cortland, Illinois 60112.

**ANSWER:**     Defendant is without sufficient knowledge and information as to the

allegations set forth in Paragraph 5, and therefore, denies the same.

6.     Plaintiff Van Tholen was an employee of Defendant from approximately August

23, 2004 through the date of her illegal termination on November 27, 2006.

**ANSWER:**     Defendant admits Plaintiff was its employee from approximately August

23, 2004 through November 27, 2006. Defendant denies the remaining allegations set forth in

Paragraph 6 of Plaintiff's Complaint.

3

b.    **Defendant**

7.    Defendant Cutting Edge Millwork, Inc. is an Illinois corporation with its principal place of business located at 1160 Jansen Farm Drive, Elgin, Illinois, 60123.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.    Defendant is engaged in an industry affecting commerce and upon information and belief employs more than fifty-five employees and is an employer within the meaning of Title VII, 42 U.S.C. §2000 *et seq.,* the ADA, 42 U.S.C. §12101 *et. seq.,* and the FMLA, 29 U.S.C. §2601 *et seq.*

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 8 are legal conclusions, and therefore, no answer is required.  Defendant admits that at all relevant times it employed more than 50 employees.

9.    At the time of her termination, Plaintiff was employed by Defendant in the position of Inside Account Representative.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

10.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1332, 1343(3) and (4), 1658, 2201 and 2202.  This is a suit authorized and instituted pursuant to the Act of Congress known as the Americans with Disabilities Act of 1990, §2 *et seq.,* 42 U.S.C. §12101, *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*  and the Pregnancy Discrimination Act amendment, 42 U.S.C. § 2000e(k), to Title VII, the

4

Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* and 5 U.S.C. § 6381 *et seq.*

Supplemental Jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C. §

1367 (a).

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 10 are legal

conclusion, and therefore, no answer is required.

11.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §

1391(b), in that defendants employed Plaintiff in the Northern District, Plaintiff resides in the

Northern District, an all or a substantial part of the events or omissions giving rise to the claims

occurred within the Northern District.  Defendant is subject to personal jurisdiction in the State

of Illinois for the purposes of this lawsuit.

**ANSWER:**    Defendant admits it employed Plaintiff in the Northern District, that

Plaintiff resides in the Northern District, and that all or a substantial part of the alleged events or

omissions giving rise to Plaintiff's Claim occurred in the Northern District.

12.    Plaintiff filed a "Charge of Discrimination" with the Equal Employment

Opportunity Commission ("EEOC") on May 9, 2007, alleging violations of the Pregnancy

Discrimination Act of 1978, amendment to title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e(k), and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq. See May 9, 2007,*

*Charge of Discrimination attached hereto as Exhibit A.*

**ANSWER:**    Defendant admits that on May 9, 2007 Plaintiff filed a Charge of

Discrimination with the Equal Employment Opportunity Commission alleging violations of the

Pregnancy Discrimination Act of 1978 and the Americans with Disabilities Act.

13.    The EEOC issued a "Notice of Right to Sue," which was issued on request and

dated November 28, 2007. *See November 28, 2007 Notice of Right to Sue, attached hereto as Exhibit B.*

**ANSWER:**     Defendant admits that on November 28, 2007 the EEOC issued a "Notice of Right to Sue" after terminating its processing of Plaintiff's Charge.

14.     Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the November 28, 2007, Notice of Right to Sue.

**ANSWER:**     Defendant admits that this lawsuit was filed within ninety days of the issuance of the "Right to Sue" by the EEOC.

## FACTS

18. [sic]  During all relevant times herein, Defendant was an employer defined by Title VII.

**ANSWER:**     Defendant states that the allegations set forth in Paragraph 18 are legal conclusions, and therefore, no answer is required.  Further, Defendant states that at all relevant times it employed in excess of 50 employees.

19.     During all relevant times herein, Defendant was an employer as defined by the ADA.

**ANSWER:**     Defendant states that the allegations set forth in Paragraph 19 are legal conclusions, and therefore, no answer is required.

20.     Upon information and belief, during all relevant times herein, Defendant was an employer as defined by the FMLA.

**ANSWER:**     Defendant states that the allegations set forth in Paragraph 20 are legal conclusions, and therefore, no answer is required.

6

21.     During all relevant times herein, Plaintiff was an employee of Defendant as defined by Title VII.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 21 are legal conclusions, and therefore, no answer is required.

22.     During all relevant times herein, Plaintiff was an employee of Defendant as defined by the ADA.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 22 are legal conclusions, and therefore, no answer is required.

23.     During all relevant times herein, Plaintiff was an employee of Defendant as defined by the FMLA.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 23 are legal conclusions, and therefore, no answer is required.

24.     Plaintiff was employed by Defendant in the position of Inside Account Representative.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     At all relevant times herein, Plaintiff was a qualified, competent, and dedicated employee that contributed to Defendant in a substantial and meaningful manner.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.     At all relevant times herein, Plaintiff was competent to perform, and was performing all of the essential functions of her position as Inside Account Representative in a

manner that met and/or exceeded Defendant's legitimate business expectations.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.    Plaintiff is a female.

**ANSWER:**    Defendant admits the allegation set forth in Paragraph 27 of Plaintiff's Complaint.

28.    Plaintiff was a qualified individual with a disability, within the meaning of the ADA. Plaintiff suffered from infertility.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she was infertile. Defendant states that the remaining allegations set forth in Paragraph 28 call for a legal conclusion, and therefore, no answer is required.

29.    Plaintiff's infertility was a pregnancy-related condition covered by the Pregnancy Discrimination Act of 1978.

**ANSWER:**    Defendant is without sufficient knowledge or information as to whether Plaintiff suffers from infertility, and therefore, demands strict proof thereof. Defendant states that the remaining allegations set forth in Paragraph 29 call for a legal conclusion, and therefore, no answer is required.

30.    Plaintiff's disability substantially limited one or more essential life functions that are central to the life process itself, including but not limited to, the following: caring for one's self, performing manual tasks, walking, speaking, breathing, cognitive function, and working.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 30 of Plaintiff's Complaint call for a legal conclusion, and therefore, no answer is required. To the extent that an

8

answer is required, Defendant denies the same.

31.    Plaintiff fully advised the Defendant of the nature and scope of her medical condition.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.    Plaintiff was terminated from her employment by Defendant on or about November 27, 2006.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.    Plaintiff was terminated from her employment because of the fact that she was infertile, getting medical treatments for her infertility so that she could become pregnant, and/or in retaliation for and in interference with her requests for FMLA leave for these treatments.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.    Plaintiff was an excellent employee that performed all of her job duties in an outstanding manner.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.    Plaintiff was capable of performing and was performing all of her job responsibilities/functions in a manner that met or exceeded Defendant's legitimate business expectations, up to and including the date upon which she was terminated by Defendant.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's

9

Complaint.

36.    There was no legitimate non-discriminatory and/or non-retaliatory reason(s) for Plaintiff's termination from employment with Defendant.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.    Defendant was aware that Plaintiff was infertile and was getting treatment in order to conceive a child.

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile and intended to receive treatment for the same.

38.    Defendant was aware that Plaintiff needed intermittent FMLA leave in order to successfully complete the medical treatments for her infertility.

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile and intended to receive treatment for same. Defendant admits it was aware Plaintiff needed to arrive to work two hours late once per week in order to receive medical treatment. Defendant states that the remaining allegations contained in Paragraph 38 call for a legal conclusion, and therefore, no answer is required.

39.    Plaintiff was diagnosed as infertile on August of 2006.

**ANSWER:**    Defendant is without sufficient knowledge and information as to the allegations set forth in Paragraph 39, and therefore, denies the same.

40.    Plaintiff began medical treatments for infertility in order to get pregnant in August of 2006.

**ANSWER:**    Defendant is without sufficient knowledge and information as to the

10

allegations set forth in Paragraph 40, and therefore, denies the same.

41.    Plaintiff's medical treatments for infertility required her to arrive to work two hours late once per week.

**ANSWER:**    Defendant is without sufficient knowledge and information as to the allegations set forth in Paragraph 41, and therefore, denies the same.

42.    On or about, August of 2006, Plaintiff informed Defendant that she was infertile and need to take intermittent FMLA leave to treat her infertility so that she could become pregnant.

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile and intended to receive treatment for same. Defendant admits it was aware Plaintiff needed to arrive to work two hours late once per week in order to receive medical treatment. Defendant states that the remaining allegations contained in Paragraph 42 call for a legal conclusion, and therefore, no answer is required

43.    On or about August of 2006, Plaintiff informed Defendant that she was infertile and needed a reasonable accommodation for her infertility and treatments thereof.

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile and intended to receive treatment for same. Defendant admits it was aware Plaintiff needed to arrive to work two hours late once per week in order to receive medical treatment. Defendant states that the remaining allegations contained in Paragraph 43 call for a legal conclusion, and therefore, no answer is required

44.    Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, initially approved Plaintiff taking intermittent leave time in order to have the medical treatment

11

performed on her.

**ANSWER:**    Defendant admits that one of Plaintiff's direct supervisor was Kimberly

Stage.  Defendant admits that Kimberly Stage allowed Plaintiff to arrive to work two hours late

once per week.

45.    Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, initially

provided Plaintiff the reasonable accommodation of arriving two hours late to work once per

week in order to have the medical treatment performed on her.

**ANSWER:**    Defendant admits that Kimberly Stage provided Plaintiff with a reasonable

accommodation by allowing Plaintiff to arrive to work two hours late once per week.

46.    From the time Plaintiff started her infertility treatments, she was discriminated

against and harassed because of her infertility, her treatments for infertility, and the intermittent

FMLA leave required for the treatments and/or retaliated against for complaining about/reporting

the discrimination and harassment.  The discrimination, harassment, and retaliation included, but

was not limited to the following:

    a.     Plaintiff was left our of meeting she was previously included in;

    b.     Plaintiff was constantly verbally harassed by other co-workers;

    c.     On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, verbally disciplined Plaintiff for Plaintiff's tardiness stemming from her infertility treatments.

    d.     On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, told Plaintiff that the other girls disliked her and treated her poorly due to Plaintiff taking intermittent leave to be treated for her infertility.

    e.     On or about November 27, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, terminated Plaintiff's employment due to Plaintiff's infertility treatments and her taking intermittent leave for the treatments.

    f.     Plaintiff was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Plaintiff knew that she began infertility treatments.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47.   Plaintiff complained to Defendant about the harassing, discriminatory, and retaliatory treatment.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48.   Despite Plaintiff's reports/complaints, and Plaintiff's requests that Defendant take action to stop harassment, discrimination, and retaliation, Defendant took no action to adequately investigate, stop, mitigate, prevent, address, or otherwise remediate the harassment, discrimination, and retaliation.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49.   Defendant intended to allow, ratified, and/or engaged in the pregnancy and disability discrimination and harassment and FMLA retaliation alleged herein.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50.   Other non-infertile/non-disabled employees were not terminated for similar job performance and actions.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51.   Plaintiff Van Tholen was treated differently and less favorably than non-infertile employees, non-disabled employees, and employees that did not request FMLA leave, in the

13

terms, conditions, and responsibilities of her job as soon as she notified Defendant of her infertility and requested FMLA leave to treat it.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52.    Defendant created, allowed, maintained, and ratified a hostile work environment against Plaintiff Van Tholen on the basis of her infertility.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53.    Defendant knew about and ratified the conduct of Plaintiff's superiors in unlawfully terminating Plaintiff.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54.    Upon information and belief, Plaintiff's position with Defendant was filled by a non-infertile individual.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55.    Plaintiff has suffered severe emotional distress as a direct and proximate result of her unlawful termination.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56.    Plaintiff lost all of her compensation and benefits, including but not limited to essential health insurance benefits as a result of being terminated.

14

**ANSWER:**     Defendant denies Plaintiff's loss of her compensation and benefits, including but not limited to essential health insurance benefits, was a result of being terminated.

57.     Plaintiff was unemployed as a result of her termination and suffered severe economic hardship as a direct and proximate result.

**ANSWER:**     Defendant denies that Plaintiff was unemployed, suffered severe economic hardship as a direct and proximate result of termination.

58.     Defendant's actions were knowing, intentional, and malicious.  The discriminatory and harassing conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Defendant.  Defendant knew and intended that its conduct violate applicable state and federal law.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59.     All allegations set forth herein are plead in the alternative where necessary and required for consistent construction under the law.

**ANSWER:**     Defendant states that the no answer is required to the allegations set forth in Paragraph 59.  To the extent that an answer is required, Defendant denies the same.

## Count I

## Violations of the Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k)

60.     Plaintiff realleges and incorporates as if fully set forth herein, all preceding paragraphs.

15

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

61.    The Pregnancy Discrimination Act of 1978, amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) prohibits discrimination on the basis of pregnancy. The Pregnancy Discrimination Act, 42, U.S.C. § 2000e(k) includes the following:

> (k) the terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including the receipt of benefits under such fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title [42 U.S.C. § 2000e-2(h)] shall be interpreted to permit otherwise. This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion: *Provided*, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining agreements in regard to abortion.

**ANSWER:**    Defendant states that the Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(k) speaks for themselves, and therefore, no answer is required.

62.    42 U.S.C. §2000e-2 provides:

**§ 2000e-2.    Unlawful employment practices.**

(a)    Employer practices. It shall be an unlawful employment practice for an employer:

> (1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

16

(2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(b)    Employment agency practices.  It shall be unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex or national origin.

(c)    Labor organization practices.  It shall be an unlawful employment for a labor organization-

(1)    to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex or national origin;

(2)    to limit, segregate, or classify its membership or applicants for membership, or to classify or fail to refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex or national origin; or

(3)    to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

**ANSWER:**    Defendant states that 42 U.S.C. §2000e-2 speaks for itself, and therefore no answer is required.

63.    Plaintiff Van Tholen was an employee of Defendant within the meaning of employee as defined under 42 U.S.C. §2000e(f).

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 63 are legal

17

conclusions, and therefore, no answer is required.

64.    Defendant is an employer under 42 U.S.C. §2000e(b) which defines an "employer" to include a person engaged in an industry affecting commerce who has 15 or more employees for at least 20 calendar weeks in the current or preceding calendar year.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 64 are legal conclusions, and therefore, no answer is required.

65.    Plaintiff, Van Tholen was infertile, a pregnancy related medical condition as defined under 42 U.S.C. §2000e(k).

**ANSWER:**    Defendant is without sufficient knowledge and information as to the allegations set forth in Paragraph 65, and therefore, demands strict proof thereof. Defendant states the remaining allegations in Paragraph 65 are legal conclusions, and therefore, no answer is required.

66.    Defendant was aware that Plaintiff was infertile.

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile.

67.    Defendant discriminated against Plaintiff because of her infertility in the followings ways:

      a.    Plaintiff was left our of meeting she was previously included in;

      b.    Plaintiff was constantly verbally harassed by other co-workers;

      c.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, verbally disciplined Plaintiff for Plaintiff's tardiness stemming from her infertility treatments;

      d.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, told Plaintiff that the other girls disliked her and treated her poorly due to Plaintiff taking intermittent leave to be treated for her infertility;

e.      On or about November 27, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, terminated Plaintiff's employment due to Plaintiff's infertility treatments and her taking intermittent leave for the treatments.

f.      Plaintiff was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Plaintiff knew that she began infertility treatments.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 67 of Plaintiff's Complaint.

68.    Defendant knew about the discrimination, the hostile work environment and that it was terminating Plaintiff Van Tholen on the basis of her infertility.  Defendant did nothing to stop the discrimination against Plaintiff Van Tholen.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 68 of Plaintiff's Complaint.

69.    There was no legitimate non-discriminatory basis for the termination of Plaintiff Van Tholen.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 69 of Plaintiff's Complaint.

70.    Plaintiff suffered severe damages as a direct and proximate cause of Defendant's violations as alleged herein.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 70 of Plaintiff's Complaint.

71.    All of Defendants' actions were willful, wanton and done in utter disregard for Plaintiff and her medical condition.

19

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 71 of Plaintiff's Complaint.

72.    By reason of the foregoing, Defendant has deprived Plaintiff of certain benefits, privileges and terms and conditions of employment and denied her employment because of her sex and infertility, to her damage and injury.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 72 of Plaintiff's Complaint.

73.    As a result of said damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to lost wages, pursuant to 42 U.S.C. §2000e-5(g).

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 73 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court deems equitable and just.

## COUNT II

### Hostile Work Environment Violation of Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(k)

74.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

75.    Defendant discriminated against Plaintiff in the terms and conditions of her

employment on the basis of her infertility in violation of Title VII.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 75 of Plaintiff's Complaint.

76.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise causing a hostile work environment for Plaintiff because of her infertility, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e), et. seq.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 76 of Plaintiff's Complaint.

77.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work environment for Plaintiff based on her infertility.  Defendant had a duty under Title VII to prevent the ongoing hostile work environment.

**ANSWER:**    Defendant admits the existence of a duty under Title VII; however, Defendant denies that it breached said duty.

78.    Plaintiff reported the pregnancy discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 78 of Plaintiff's Complaint.

79.    Despite knowledge of the severe and pervasive hostile work environment,

discrimination and harassment based on her infertility, and despite repeated reports and

complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop,

prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment,

or retaliation.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 79 of Plaintiff's

Complaint.

80.    Almost daily, Defendant intentionally subjected Plaintiff to unequal and

discriminatory treatment by creating a hostile and abusive work environment that altered the

conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff

from those hostile and abusive conditions.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 80 of Plaintiff's

Complaint.

81.    The hostile work environment to which the Plaintiff was subjected was so severe

and pervasive that it unreasonably interfered with her work performance.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 81 of Plaintiff's

Complaint.

82.    The discriminatory actions by Defendant, through its management agents and

employees, were intentional and willful, and in deliberate disregard of and with reckless

indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 82 of Plaintiff's

Complaint.

83.    Defendant, by and through its agents, engaged in the foregoing acts and conduct

22

when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 83 of Plaintiff's Complaint.

84.    The actions of Defendant in intentionally engaging in and condoning the hostile work environment, discrimination, harassment, and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 84 of Plaintiff's Complaint.

85.    There is a causal connection between Plaintiff's infertility and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 85 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and all other further relief this Court deems equitable and just.

## COUNT III

### Retaliation and Unlawful Discharge In Retaliation For Exercise of Rights Under Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(k)

86.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

87.    Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under Title VII, as alleged herein.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 87 of Plaintiff's Complaint.

88.    Plaintiff complained of ongoing and repeated pregnancy discrimination perpetrated against her personally, and a hostile work environment, and unequal and adverse treatment of her based on her infertility.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 88 of Plaintiff's Complaint.

89.    On November 27, 2006, in retaliation for Plaintiff's complaints, reports, and protests of unlawful discrimination, harassment, retaliation, and hostile work environment, Defendant unlawfully terminated Plaintiff from her employment.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 89 of Plaintiff's Complaint.

24

90.     There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's discharge from Defendant.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 90 of Plaintiff's Complaint.

91.     At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Defendant's legitimate business expectations.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 91 of Plaintiff's Complaint.

92.     The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 92 of Plaintiff's Complaint.

93.     Defendant, by and through its agents, discharged Plaintiff when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 93 of Plaintiff's Complaint.

94.     The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 94 of Plaintiff's

25

Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court deems equitable and just.

## COUNT IV

### Violations of the Family and Medical Leave Act of 1993
### 29 U.S.C. §2601 et seq. and 5U.S.C. §6381 et seq.

95.    Plaintiff Van Tholen realleges and reincorporates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

96.    Upon information and belief, Plaintiff Van Tholen was an "eligible" employee under FMLA.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 96 are legal conclusions, and therefore, no answer is required.

97.    Upon information and belief, Defendant was and is a covered "employer" under FMLA.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 97 are legal conclusions, and therefore, no answer is required.

98.    In approximately August 2006, Plaintiff Van Tholen requested a protected intermittent medical leave under the FMLA due to the Plaintiff's infertility and the treatments she would begin receiving in order to conceive a child.

26

**ANSWER:**    Defendant admits that on or about August, 2006, Plaintiff requested an accommodation to arrive to work two hours late once per week.  Defendant states the remaining allegations set forth in Paragraph 98 are legal conclusions, and therefore, no answer is required.

99.    Plaintiff Van Tholen was entitled to the requested FMLA leave.

**ANSWER:**    Defendant states the allegations set forth in Paragraph 99 are legal conclusions, and therefore no answer is required.

100.    Plaintiff Van Tholen filled out all of the requisite paperwork to properly request her FMLA leave.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 100 of Plaintiff's Complaint.

101.    After Plaintiff Van Tholen began taking her intermittent FMLA leave, Plaintiff was unjustly terminated from her position with Defendants in retaliation for her requests to exercise her right to FMLA leave in order to treat her infertility properly.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 101 of Plaintiff's Complaint.

102.    There was no legitimate non-discriminatory basis for Plaintiff Van Tholen's termination from employment on November 27, 2008.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 102 of Plaintiff's Complaint.

103.    Plaintiff Van Tholen suffered severe damages as a direct and proximate result of Defendant's retaliation against her for requesting FMLA leave.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 103 of Plaintiff's

27

Complaint.

104.    Defendant replaced Plaintiff Van Tholen with a non-infertile individual that did not need FMLA leave.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 104 of Plaintiff's Complaint.

105.    The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 105 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court deems equitable and just.

### COUNT V

### Violations of the Family Medical Leave Act of 1993
### 29 U.S.C. §2601 et seq. (Interference/Entitlement)

106.    Plaintiff reallges and incorporates all preceding paragraphs as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

107.    Plaintiff was entitled to leave under FMLA, *see 29 U.S.C. §2612(a)(1)*.

**ANSWER:**    Defendant states that the allegations contained in Paragraph 107 are legal

conclusions, and therefore, no answer is required.

108.    The FMLA, 29 U.S.C. §2615, prohibits an Employer from interfering with and/or

not respecting an employee's entitlement to exercising his FMLA rights, providing in pertinent

part:

> *"It shall be unlawful for any employer to interfere with, restrain, or deny the
> exercise of or attempts to exercise, any right provided under this subchapter."*

**ANSWER:**    Defendant states that FMLA, 29 U.S.C. §2615 speaks for itself, and

therefore, no answer is required.

109.    As alleged herein, Defendant did not respect Plaintiff's entitlement to FMLA

Medical Leave.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 109 of Plaintiff's

Complaint.

110.    As alleged herein, Defendant interfered with Plaintiff's exercise of her rights

under the FMLA.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 110 of Plaintiff's

Complaint.

111.    Defendant's conduct, as alleged herein, violated the FMLA.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 111 of Plaintiff's

Complaint.

112.    After terminating Plaintiff, Defendant hired another individual that did not require

FMLA leave to replace Plaintiff.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 112 of Plaintiff's

29

Complaint.

113.    Defendant's violations were knowing, willful, malicious, and with reckless disregard for the federal law and the effect on Plaintiff.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 113 of Plaintiff's Complaint.

114.    The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 114 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court deems equitable and just.

## COUNT VI

### Discrimination and Failure to Accommodate In Violation of the ADA
### 42 U.S.C. § 12101, *et seq*

115.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

116.    All conditions precedent to Count VI have been satisfied.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 116 of Plaintiff's

30

Complaint.

117.    Plaintiff is a qualified individual with a disability.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 117 call for a legal conclusion, and therefore, no answer is required.

118.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to terminate a qualified individual with a disability because of her disability.

**ANSWER:**    Defendant states that the ADA speaks for itself, and therefore, no answer is required.

119.    Plaintiff Van Tholen was disabled in that she suffered from infertility.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility. Defendant denies the remaining allegations set forth in Paragraph 119.

120.    Plaintiff Van Tholen has a record of her above-described disabilities.

**ANSWER:**    Defendant is without sufficient knowledge and information as to the allegations set forth in Paragraph 120, and therefore, denies the same.

121.    Defendant was aware of Plaintiff's disability.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility.

122.    Defendant perceived Plaintiff as disabled.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility.

31

123.    At all relevant times herein, Plaintiff could perform all of the essential functions of her job and job responsibilities/duties.

**ANSWER:**    Defendant is without sufficient knowledge and information as to the allegations set forth in Paragraph 123, and therefore, denies the same.

124.    At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of her job responsibilities/duties.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 124 of Plaintiff's Complaint.

125.    Plaintiff requested reasonable accommodations for her disability.

**ANSWER:**    Defendant admits that Plaintiff requested an accommodation to arrive at work two hours late once per week.

126.    Defendant refused to consider, evaluate, discuss, investigate, assess and/or otherwise attempt to engage in an interactive process to determine whether it could accommodate Plaintiff's disability and/or requests for accommodation.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 126 of Plaintiff's Complaint.

127.    On November 27, 2006, Defendant terminated Plaintiff's employment, in whole, or in part because of her infertility.

**ANSWER:**    Defendant admits that Plaintiff was terminated on November 27, 2006. Defendant denies the remaining allegations set forth in Paragraph 127.

128.    At all relevant times herein, Plaintiff informed Defendant of the nature and scope of her disability.

32

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile. Defendant denies the remaining allegations set forth in Paragraph 128.

129.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of her job functions in an outstanding manner.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 129 of Plaintiff's Complaint.

130.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 130 of Plaintiff's Complaint.

131.    Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 131 of Plaintiff's Complaint.

132.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 132 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court

deems equitable and just.

## COUNT VII

### Retaliation in Violation of the ADA, 42 U.S.C. § 12101, *et seq.*

133.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

134.    All conditions precedent to Count VII have been satisfied.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 134 of Plaintiff's Complaint.

135.    Plaintiff is qualified individual with a disability.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 135 call for a legal conclusion, and therefore, no answer is required.

136.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it unlawful to terminate a qualified individual with a disability because of his disability.

**ANSWER:**    Defendant states that the ADA speaks for itself, and therefore, no answer is required.

137.    Plaintiff is disabled in that she suffers from infertility.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility. Defendant denies the remaining allegations set forth in Paragraph 137.

138.    Plaintiff has a record of her above described disabilities.

**ANSWER:**    Defendant is without sufficient knowledge and information as to the allegations set forth in Paragraph 138, and therefore, denies the same

139.    Defendant was aware of Plaintiff's disability.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility.

140.    Defendant perceived Plaintiff as disabled.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility.

141.    At all relevant times herein, Plaintiff could perform all of the essential functions of her job and job responsibilities/duties.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 141 of Plaintiff's Complaint.

142.    At all relevant times herein, Plaintiff qualified, competent, and able to perform all of her job responsibilities/duties.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 142 of Plaintiff's Complaint.

143.    At all relevant times herein, Plaintiff informed Defendant of the nature and scope of her disabilities.

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile. Defendant denies the remaining allegations set forth in Paragraph 143.

144.    On November 27, 2006, Defendant terminated Plaintiff's employment, in whole,

35

or in part in retaliation for her requests for reasonable accommodation of his disability.

**ANSWER:**    Defendant admits that Plaintiff was terminated on November 27, 2006.

Defendant denies the remaining allegations set forth in Paragraph 144 of Plaintiff's Complaint.

145.    There was no legitimate non-discriminatory/non-retaliatory reason for any of the

alleged discriminatory acts and/or retaliatory termination of Plaintiff.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 145 of Plaintiff's

Complaint.

146.    At all relevant times herein, Plaintiff was an excellent employee that was

performing all of her job functions in an outstanding manner.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 146 of Plaintiff's

Complaint.

147.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous,

and extraordinary.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 147 of Plaintiff's

Complaint.

148.    Defendant engaged in the herein alleged willful and malicious violations of the

law knowingly and intending to violate federal law.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 148 of Plaintiff's

Complaint.

149.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause

of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost

wages, lost benefits and severe emotional distress.

36

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 149 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court deems equitable and just.

## COUNT VIII

### Hostile Work Environment in Violation of the ADA, 42 U.S.C. § 12101, *et seq.*

150.    Plaintiff re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the proceeding paragraphs as if fully set forth herein.

151.    All conditions precedent to Count VIII have been satisfied.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 151 of Plaintiff's Complaint.

152.    Plaintiff is a qualified individual with a disability.

**ANSWER:**    Defendant states that the allegations set forth in Paragraph 152 call for a legal conclusion, and therefore, no answer is required.

153.    The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability. The ADA further makes it illegal to terminate a qualified individual with a disability because of his disability.

37

**ANSWER:**    Defendant states that the ADA speaks for itself, and therefore, no answer is required.

154.    Plaintiff is disabled in that she suffered from infertility.

**ANSWER:**

155.    Plaintiff has a record of her above-described disabilities.

**ANSWER:**    Defendant is without sufficient knowledge and information as to the allegations set forth in Paragraph 155, and therefore, denies the same.

156.    Defendant was aware of Plaintiff's disabilities.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility.

157.    Defendant perceived Plaintiff as disabled.

**ANSWER:**    Defendant admits it was informed by Plaintiff that she suffers from infertility.

158.    At all relevant times herein, Plaintiff could perform all of the essential functions of her job and job responsibilities/duties.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 158 of Plaintiff's Complaint.

159.    At all relevant times herein, Plaintiff was qualified, competent, and able to perform all of her job responsibilities/duties.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 159 of Plaintiff's Complaint.

160.    At all relevant times herein, Plaintiff informed Defendant of the nature and scope of her disability.

**ANSWER:**    Defendant admits that it was informed by Plaintiff that she was infertile. Defendant denies the remaining allegations set forth in Paragraph 160.

161.    From the date that Defendant first became aware of Plaintiff's disability, it began to harass and humiliate Plaintiff.  The harassment and humiliation included, but was not limited to, the following:

a.    Plaintiff was left our of meeting she was previously included in;

b.    Plaintiff was constantly verbally harassed by other co-workers;

c.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, verbally disciplined Plaintiff for Plaintiff's tardiness stemming from her infertility treatments;

d.    On or about November 13, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, told Plaintiff that the other girls disliked her and treated her poorly due to Plaintiff taking intermittent leave to be treated for her infertility;

e.    On or about November 27, 2006, Defendant employee and Plaintiff's direct supervisor, Kimberly Stage, terminated Plaintiff's employment due to Plaintiff's infertility treatments and her taking intermittent leave for the treatments.

f.    Plaintiff was otherwise treated differently (less favorably) in the terms, conditions and responsibilities of her job from the moment that Plaintiff knew that she began infertility treatments.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 161 of Plaintiff's Complaint.

39

162.    At all relevant times herein, Plaintiff was an excellent employee that was performing all of her job functions in an outstanding manner.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 162 of Plaintiff's Complaint.

163.    Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 163 of Plaintiff's Complaint.

164.    Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 164 of Plaintiff's Complaint.

165.    Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 165 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court deems equitable and just.

## COUNT IX

### Intentional Infliction of Emotional Distress

166.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

**ANSWER:**    Defendant realleges its answers to the preceding paragraphs as if fully set forth herein.

167.    All conditions precedent to Count IX have been satisfied.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 167 of Plaintiff's Complaint.

168.    Plaintiff was an employee of the Defendant.

**ANSWER:**    Defendant admits to the allegations set forth in Paragraph 168 of Plaintiff's Complaint.

169.    Plaintiff fulfilled her job duties with skill and expertise.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 169 of Plaintiff's Complaint.

170.    Defendant's severe and outrageous acts, including, but not limited to, continuously and repeatedly verbally harassing Plaintiff, leaving her out of meetings, disciplining for being out of the office to receive treatments for her infertility, leaving Plaintiff out of meetings, and terminating Plaintiff due to her infertility and her treatments for infertility were actions that amounted to extreme and outrageous conduct.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 170 of Plaintiff's Complaint.

41

171.    Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 171 of Plaintiff's Complaint.

172.    Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 172 of Plaintiff's Complaint.

173.    Plaintiff did, in fact, experience extreme emotional distress.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 173 of Plaintiff's Complaint.

174.    By the extreme emotional distress the Plaintiff was thereby damaged.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 174 of Plaintiff's Complaint.

175.    Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 175 of Plaintiff's Complaint.

WHEREFORE, Defendant, Cutting Edge Millwork, Inc., respectfully requests that this Honorable Court dismiss this Complaint with prejudice and for all other further relief this Court deems equitable and just.

Respectfully submitted,

CUTTING EDGE MILLWORK, INC.

By: _____
One of Its Attorneys

Amy Galvin Grogan (ARDC# 6229364)
Brian T. Garelli (ARDC# 6204400)
GARELLI & GROGAN
340 W. Butterfield Rd., Suite 2A
Elmhurst, IL 60126
630/833-5533

43

## VERIFICATION

I, Dan Glod, an authorized agent of Cutting Edge Millwork, Inc. being first duly sworn under oath depose and state that I have read the foregoing Answer to the Complaint and find the answers contained therein to be true and correct to the best of my knowledge, information and belief.

_____
Dan Glod

Subscribed and sworn to
before me this _12th_ day
of _MAY_ , 2008.

_____
Notary Public

OFFICIAL SEAL
ALEXIS C SEISSER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/05/10

### CERTIFICATE OF SERVICE

I, Amy Galvin Grogan, hereby certify that on May 12, 2008, the foregoing Answer to the Complaint was filed electronically with the Clerk of the Court using the ECF system. The documents are available for reviewing and downloading from the ECF system. I also certify that on the date below hard copies of the foregoing documents, courtesy copies of which have been sent to the chambers of The Honorable Judge Gettleman, and were served via first class mail, postage prepaid, to the following:

**Kathleen Currie Chavez**
Chavez Law Firm P.C.
28 North First Street , #2
Geneva, IL 60134

**Peter Lawrence Currie**
The Law Firm of Peter L. Currie, P.C.
536 Wing Lane
St. Charles, IL 60174

**Robert M. Foote**
Foote, Meyers, Mielke & Flowers, LLC
28 North First Street, #2
Geneva, IL 60134

**Stephen William Fung**
Foote, Meyers, Mielke, & Flowers, LLC
28 North First St., Suite 2
Geneva, IL 60134

/s/ Amy Galvin Grogan